# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV543

| | |
|---|---|
| IN RE:<br>    THOMAS W. HILL<br><br>                  Debtor.<br>_____<br><br>THOMAS W. HILL,<br><br>                  Appellant,<br><br>      Vs.<br><br>DAVID R. HILLIER, Bankruptcy<br>Trustee,<br><br>                  Appellee.<br>_____ | **MEMORANDUM AND<br>O R D E R** |

**THIS MATTER** is before the Court on Appellant's *pro se* appeal from an Order entered on December 3, 2008, by U.S. Bankruptcy Court Judge George R. Hodges. **Notice of Appeal, filed December 9, 2008.** On December 29, 2008, Appellant filed a motion for disqualification of the undersigned and a motion for an evidentiary hearing. For the reasons stated below, the Bankruptcy Court's Order is affirmed, and Appellant's motions to disqualify and for an evidentiary hearing are denied.

## I. BACKGROUND

An involuntary petition in bankruptcy was filed under Chapter 7 naming Appellant as debtor on December 9, 2003.[1] The petition alleged a claim of $116,276.69 reflecting the amount of a judgment obtained in state court against Appellant for attorneys' fees. In his motion to dismiss the bankruptcy petition, Appellant admitted this judgment was entered in Henderson County Superior Court, in the Western District of North Carolina, and such judgment had been appealed to the North Carolina Court of Appeals. **Motion to Dismiss, filed January 12, 2004.** Appellant argued, among other things, for the Bankruptcy Court to abstain from further proceedings until the Court of Appeals ruled on his appeal.[2] On

---

[1] Appellant designated the entire docket that was before the Bankruptcy Court in his proposed record on appeal filed December 3, 2008. The bankruptcy case number is 03-11498, and citations to orders entered prior to December 3, 2008, will be to the bankruptcy docket.

[2] The Court of Appeals affirmed the award of attorneys' fees imposed as a sanction on Appellant in the state court action. **Hill v. Hill, 173 N.C. App. 309, 622 S.E.2d 503 (2005).** However, the court reversed the amount of attorneys' fees awarded and remanded for further consideration. **Id. at 322, 622 S.E.2d at 512.** Following remand, the trial court entered a new judgment of attorneys' fees against Appellant in accordance with the instructions from the appellate court. Appellant appealed this order and the court of appeals affirmed the judgment in its entirety in an unpublished decision. **Hill v. Hill, 2007 WL 4234110 (N.C. App. 2007), 2007 N.C. App. LEXIS 2466 (Dec. 4, 2007).** The North Carolina Supreme Court declined to

March 12, 2004, the Bankruptcy Court entered an order denying Appellant's motion to dismiss the involuntary petition. Appellant entered notice of appeal to this Court and moved to stay the bankruptcy proceedings pending resolution of the appeal before this Court.  **Notice of Appeal, filed March 22, 2004.**  After Appellant failed to file an answer to the involuntary petition, the Bankruptcy Court entered default on May 19, 2004.  Appellant moved to have the default set aside and this Court denied the demanded relief.  **See Order, *In re Hill*, Civil No. 1:04CV55, filed October 12, 2004.**  Appellant appealed this Court's Order; the Fourth Circuit thereafter affirmed this Court's orders entered on June 10, 2004, and October 12, 2004.  **Hill v. Hillier (*In re Hill*), 126 F. App'x 634 (4th Cir. 2005); *see* Memorandum and Order of Dismissal, *In re: Hill*, Civil No. 1:04CV55, filed June 10, 2004 (denying six motions filed by Appellant in an attempt to appeal a previous order of the Bankruptcy Court); *see also* Order, filed October 12, 2004.**

The instant appeal of the Bankruptcy Court's order of December 3, 2008, represents the fourth time Appellant has come before this Court to

---

consider Appellant's appeal from this court of appeals decision.  **Hill v. Hill, ___ N.C. ___, 661 S.E.2d 739 (Apr. 10, 2008).**

challenge orders in the Chapter 7 case.  **See Memorandum and Order,** *In re Hill*, **Civil No. 1:08CV80, filed June 4, 2008 (denying motion to address Appellant's interlocutory challenge to bankruptcy order during the ongoing case and dismissing appeal);**[3] **Order,** *In re Hill*, **1:08CV80, filed July 23, 2008 (denying motion for reconsideration on June 4th Order).**

## II.  STANDARD OF REVIEW

On appeal the district court reviews the bankruptcy court's conclusions of law *de novo*. The bankruptcy court's findings of fact are set aside only if it appears they are clearly erroneous.  **Fed. R. Bankr. P. 8013;** *Deutchman v. IRS*, **192 F.3d 457, 459 (4th Cir. 1999).**

## III.  DISCUSSION

In his appeal of the December 3, 2008, Order from the Bankruptcy Court, Appellant has briefed six issues.  **Appellant's Brief, filed December 9, 2008, at 3-4**.  After a careful examination of the six issues

---

[3] The facts set forth in this Memorandum and Order and in the Order filed July 23, 2008, are fully incorporated herein.

and the December 3rd Order, and consideration of the entire record and the applicable law, the Court concludes as follows:

1. Appellant has a statutory right to appeal a final order from the Bankruptcy Court. This Court is currently considering the appeal, therefore, this argument is without merit.

2. The Bankruptcy Court has jurisdiction over the involuntary petition filed on December 9, 2003. Appellant's argument to the contrary is without merit.

3. The Court concludes that jurisdiction over the involuntary petition is proper, therefore, this issue raised by Appellant is dismissed as moot.

4. Appellant is not entitled to a jury trial on the issues outlined in the December 3, 2008, Order from the Bankruptcy Court that is the subject of this appeal. Appellant's argument to the contrary is without merit.

5. The Court has considered the facts as found by the Bankruptcy Court and reviewed the applicable law *de novo* and concludes the facts are amply supported by the record and the Bankruptcy Court did not err in its application of the law.

6. The Court has considered Appellant's final argument, and concludes that it is without merit.

On December 29, 2008, Appellant filed motions to disqualify the undersigned and for an evidentiary hearing on the appeal. Appellant filed a similar motion to disqualify the undersigned that was denied in the Memorandum and Order filed June 4, 2008. Appellant has again

advanced no legitimate reasons in support of recusal. Therefore, for the reasons previously stated, Defendant's motion for recusal of the undersigned is denied. **See Memorandum and Order,** *In re: Hill*, **Civil No. 1:08CV80,** *supra*, **at 8-9.**

Finally, the undersigned concludes that the issues raised herein are adequately presented in the record before the Court and an evidentiary hearing is not required.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the December 3, 2008, Order of the Bankruptcy Court is **AFFIRMED**, and Appellant's appeal is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Appellant's motions for an evidentiary hearing and recusal of the undersigned are **DENIED.**

Signed: March 5, 2009

Lacy H. Thornburg
United States District Judge